# In the United States Court of Federal Claims

No. 23-2028

Filed: December 5, 2024

|  |  |
|---|---|
| CHERYL LINETTE BRYANT, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

## **OPINION AND ORDER**

      Plaintiff Cheryl Bryant filed this action on November 22, 2023, alleging various claims against the Internal Revenue Service and others based on "a series of grievances . . . concerning tax assessment [and . . .] infringement upon her privacy rights." ECF No. 1. Following standard procedures, the Clerk's Office served various documents, including an order denying Plaintiff's application to proceed *in forma pauperis* for failing to provide financial information with her application. ECF No. 6; *see also* ECF Nos. 3 and 4. The court's order denying Plaintiff's IFP application provided that Plaintiff could refile an IFP application with the missing information or pay the filing fee, but if she did neither the court would dismiss her case. ECF No. 6 at 1. The Clerk's Office served these documents via U.S. Mail at the address provided by Plaintiff with her complaint. *See* ECF No. 1-2. All three documents were returned to the court as undeliverable. ECF Nos. 7 and 8.

      In January, Plaintiff filed a change of address notice stating that although she listed "13295 Stari Most Lane" as her address, it should have read "13205 Stari Most Lane." ECF No. 9 at 2. She also asked that the court change her address to 7526 Red Stag Court, Arlington, TX 76002. *Id*. at 2. The Clerk promptly updated the docket to reflect this new address. Despite the change in address, she has not been diligent in timely filing in this case, leading the court to issue a show cause order under Rule 41 regarding prior filings. *See* ECF No. 12. The court informed Plaintiff that "[f]ailure to respond will result in dismissal of this case." ECF No. 12. Plaintiff did not respond to the court's show cause order. The Clerk's Office served Plaintiff at the proper address via certified mail, which was returned to the Clerk's Office as unclaimed. ECF No. 14.

      Since then, on July 29, 2024, the Government moved to dismiss the complaint for lack of jurisdiction and failure to state a claim. ECF No. 16. Plaintiff's response was due on August 29, 2024. *See* Rule 7.2(b)(1) (providing for 28 days to respond to a motion to dismiss) & Rule 6(d) (allowing three extra days when service is by U.S. Mail). Plaintiff has failed to respond to the Government's motion to dismiss. The court issued an additional show cause order on October 21, 2024, reiterating the court's admonition in its initial show cause order. ECF No. 17. Again,

the court warned Plaintiff that failure to respond by November 5, 2024, would result in dismissal of the case.  ECF No. 17.  The Clerk's Office served Plaintiff via certified mail.  *See id*. (docket text).  On December 3, 2024, the U.S. Postal Service returned the show cause order to the Clerk's Office as unclaimed.  ECF No. 18.

      Because the Plaintiff has wholly failed to prosecute this action, the court is left with no option but to dismiss Plaintiff's case for failure to prosecute under Rule 41(b).  The Clerk is directed to enter judgment accordingly.

It is so ORDERED.

<u>s/ Edward H. Meyers</u><br>
Edward H. Meyers<br>
Judge